1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW P. DURKIN and ALICE P.              No.  2:23-cv-00714-TLN-KJN
     DURKIN,
12
                     Plaintiffs,
13                                              **SUA SPONTE REMAND ORDER**
              v.
14
     HERMAN ALEXANDER,
15
                     Defendant.
16

17

18        This matter is before the Court pursuant to Defendant Herman Alexander's ("Defendant")

19   Notice of Removal and Motion to Proceed in Forma Pauperis.  (ECF Nos. 1–2.)  For the reasons

20   set forth below, the Court hereby REMANDS the action to the Superior Court for the County of

21   Sacramento due to lack of subject matter jurisdiction and DENIES Defendant's Motion to

22   Proceed in Forma Pauperis as moot.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## I.       FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2022, Plaintiffs Andrew P. Durkin and Alice P. Durkin ("Plaintiffs")
filed a Complaint in Superior Court for the County of Sacramento for unlawful detainer against
Defendant for his possession of real property known as 2926 Watt Avenue, #47, Sacramento,
California 95821 (the "Property").  (ECF No. 1 at 7.)  On April 18, 2023, Defendant filed a
Notice of Removal.  (ECF No. 1.)

## II.       STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the
district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is
proper only if the court could have exercised jurisdiction over the action had it originally been
filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the
defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980
F.2d 564, 566 (9th Cir. 1992) (per curiam).  Further, "[i]f the district court at any time determines
that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident
grant of removal by remanding the action to state court."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*,
375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  The
"presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint
rule,' which provides that federal jurisdiction exists only when a federal question is presented on
the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Federal
question jurisdiction therefore cannot be based on a defense, counterclaim, crossclaim, or third-
party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter
v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

///

///

///

2

### III.   ANALYSIS

Defendant removed to this Court based on federal question jurisdiction.  (ECF No. 1 at 1–5.)  In his notice of removal, Defendant argues Plaintiff illegally discriminated against him and refused to accept rent payments because Defendant is African American.  (ECF No. 1 at 1–4.)  Defendant cites various federal statutes that he argues establish federal question jurisdiction.  (*Id.*)  However, the instant Complaint appears to rely solely on California State law, including California Code of Civil Procedure § 1161(2), and does not assert any claims under federal law.  (*See* ECF No. 1 at 7–9.)  Based on the well-pleaded complaint rule outlined above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 386.

Because the Complaint contains a single cause of action of unlawful detainer, which arises solely under state law, this action does not arise under federal law.  To the extent Defendant argues Plaintiff discriminated against him because of his race, such an argument constitutes a defense, which cannot form the basis for federal question jurisdiction. *See Vaden*, 556 U.S. 49.  As there are no grounds for federal jurisdiction, the Court remands this case, *sua sponte*, for lack of subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV.   CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California for the County of Sacramento.  Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot.

IT IS SO ORDERED.

**DATE:  April 24, 2023**

Troy L. Nunley
United States District Judge

3